**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| AXIS WORLDWIDE SUPPLY CHAIN AND LOGISTICS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:11-CV-54 CAS ) |
| MARK BACCINO, MOTOR SERVICE, INC., and TRICO AMERICAN AIR FREIGHT AND FORWARDING CO., | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. On March 8, 2011, plaintiff filed document titled "Affirmative Avoidances to Affirmative Defenses Asserted by Defendants." An examination of the document indicates that it is plaintiff's reply to affirmative defenses asserted by defendants Motor Services, Inc. and Trico American Air Freight and Forwarding Co. in their answer.[1]

Rule 7(a) of the Federal Rules of Civil Procedure specifies the pleadings which are permitted to be filed in a federal civil case. The Rule states:

Pleadings. Only these pleadings are allowed:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;

---

[1]Although defendants Motor Services, Inc. and Trico American Air Freight and Forwarding Co.'s answer was titled as an "Answer, Affirmative Defenses and Counterclaim," no counterclaim was asserted. The document was merely an answer, which included affirmative defenses. The Clerk of Court has been in contact with defendants' counsel to correct this filing error.

>     (5) a third-party complaint;
>     (6) an answer to a third-party complaint; and
>     **(7) if the court orders one, a reply to an answer**.

Rule 7(a), Fed. R. Civ. P. (emphasis added).

"[A] reply is allowed only on a court order and in limited circumstances." 2 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 7.02[7][a] (3d ed. 2008). "A clear showing of necessity or of extraordinary circumstances of a compelling nature will usually be required before the court will order a reply. Even an allegation of new matter that goes beyond the allegations of the responsive pleading is not a sufficient ground for a reply." 2 <u>Moore's Federal Practice</u> § 7.02[7][b].

In this case, the defendants' answer did not contain a counterclaim and the Court did not order plaintiff to file a reply to the answer or any affirmative defenses. The reply filed by plaintiff does not indicate a clear showing of necessity or of extraordinary circumstances of a compelling nature. Plaintiff's reply to defendants' affirmative defenses is therefore not properly filed under Rule 7(a), Fed. R. Civ. P., and will be stricken from the record.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's reply to the defendants Motor Service, Inc. and Trico American Air Freight and Forwarding Co.'s answer and affirmative defenses is **STRICKEN** from the record of this case. [Doc. 19]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete from the record of this matter Document 19, plaintiff's reply to defendants Motor Service, Inc. and Trico American Air Freight and Forwarding Co.'s answer and affirmative defenses (docketed as "NOTICE by Plaintiff AXIS Worldwide Supply Chain and Logistics, Inc., Counter Defendant AXIS Worldwide Supply

Chain and Logistics, Inc. re Answer to Complaint, Counterclaim, Affirmative Avoidances to Affirmative Defenses").

 

                                                                                       **CHARLES A. SHAW**
                                                                                       **UNITED STATES DISTRICT JUDGE**

Dated this 10th day of March, 2011.